# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re: | |
| **Kelly R. Young and Jamie L. Young,** | **Bankruptcy Case No. 10-41049-JDP** |
| **Debtors.** | |

_____

| | |
|---|---|
| **R. Sam Hopkins, Chapter 7 Trustee** | |
| **Plaintiff,** | |
| **vs.** | **Adv. Proceeding No. 12-8006-JDP** |
| **Brayden Young and Shyann Young,** | |
| **Defendants.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Daniel Green, RACHINE, OLSON, NYE BUDGE & BAILEY, CHARTERED, Pocatello, Idaho, Attorney for Plaintiff Hopkins, Trustee.

MEMORANDUM OF DECISION – 1

Craig Jorgensen, Pocatello, Idaho, Attorney for Defendants.

### *Introduction*

Chapter 7[1] Trustee R. Sam Hopkins ("Plaintiff") commenced this

adversary proceeding against Defendants Brayden Young and Shyann

Young ("Defendants") to recover real property transferred to them via a

post-bankruptcy quitclaim deed by Debtor Kelly Young ("Debtor") and his

ex-wife, Shaunda Young.  Prior to the trial date, on July 27, 2012, Plaintiff

and Defendants filed a stipulation in which the parties agreed to the

relevant facts of the case, accompanied by documentary exhibits.  Dkt. No.

9.  On August 2, 2012, the parties agreed to a briefing schedule, and

requested that this Court make its decision resolving the issues based on

the stipulated facts.  Dkt. No. 10.  The Court vacated the trial date and

deemed the action submitted for a decision.  Dkt. No. 11.  As agreed, the

parties have filed briefs.  Dkt. Nos. 12, 13, and 15.  Having considered the

stipulated facts and exhibits, the parties' submissions, and applicable law,

---

[1]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION – 2

this Memorandum constitutes the Court's findings of fact and conclusions of law.  Rule 7052.

### *Facts*[2]

Pursuant to a decree entered by a Utah state court, Debtor and Shaunda Young were divorced on March 31, 2003.[3]  During their marriage, Debtor and Shauda Young had acquired a parcel of real property in Weber County, Utah referred in the divorce decree as the "Sunridge property,"[4] the subject of the dispute at bar.  The decree references the Sunridge property twice.  First, the state court's "Findings of Fact" recited that Debtor and Shaunda Young "shall deed all right, title and interest in the Sunridge property to their children."  Dkt. No. 9, Ex. A  at 4.  In the

---

[2] The relevant facts are taken from the parties' stipulation filed July 27, 2012, Dkt. No. 9, the exhibits attached to and referenced in the stipulation, Dkt. No. 9, and the parties' briefs.

[3] The divorce decree incorporates the parties' agreements as to a division of their property.  Dkt. No. 9, Ex. A.

[4] The record includes no evidence or information as to whether the Sunridge property is improved or bare land.  Additionally, no evidence was submitted as to how Debtor and Shaunda Young held title to the Sunridge property.

MEMORANDUM OF DECISION – 3

"Conclusions of Law" section, the divorce decree provided "[t]he parties agree they will deed all right, title and interest in the Sunridge property to their children." *Id.* at 8. The divorce decree was not filed in the county real property records. At the time of the divorce decree, Defendants were minors, and were the only children of Debtor and Shaunda Young.

More than seven years later, on June 14, 2010, Debtor and his wife, Jamie L. Young, filed a chapter 7 petition. In response to Question no. 6(b) in their Statement of Financial Affairs, Debtor was listed as the custodian of the Sunridge property which Debtor described as "Property to debtor's Children when they turn 18." At the time of the bankruptcy filing, Debtor's children, the Defendants in this action, were adults. *See* Dkt. No. 9 at 4. Plaintiff is the appointed trustee in the bankruptcy case.

On July 22, 2010, during the pendency of the chapter 7 case, Debtor and Shaunda Young executed and recorded a quitclaim deed conveying the Sunridge property to Defendants. The Court did not authorize the transfer, and apparently, it had not been approved by Plaintiff. The transfer gave rise to this adversary proceeding. Plaintiff's complaint states

MEMORANDUM OF DECISION – 4

three claims for relief.  Dkt. No. 1.

First, Plaintiff contends that the Sunridge property was property of

the bankruptcy estate, and thus it was improper for Debtor and Shaunda

Young to transfer it.  Plaintiff therefore seeks to avoid the transfer under §

549(a), and to recover the Sunridge property pursuant to §§  550 and 551.

*Id.* at 3-4.  Second, asserting his status as a hypothetical bona fide

purchaser under § 544(a)(3), Plaintiff argues that he may avoid any interest

claimed by Defendants in the Sunridge property under the terms of the

divorce decree.  *Id.* at 4.  Finally, Plaintiff claims that, pursuant to

§ 544(b)(1), he may avoid any obligation incurred by Debtor to Defendants

that is voidable under applicable law by an unsecured creditor of Debtor.

*Id.* at 4-5.

Defendants' answer advances two affirmative defenses to Plaintiff's

claims against them.  Dkt. No. 4. at 3.  Defendants claim that the transfer

of the real property to them was valid, because, at the time, the Sunridge

property was not property of the estate.  *Id.*  Defendants also allege that

MEMORANDUM OF DECISION – 5

the Sunridge property was held in trust[5] for Defendants, who were minors

at the time of the divorce decree, and that Defendants "obtained all legal

and equitable title subject to their reaching the age of majority." *Id.* Based

on these defenses, Defendants contend Plaintiff is entitled to no relief. *Id.*

Plaintiff's Opening Brief argues that the divorce decree did not

create a trust in Defendants' favor nor prevent the Sunridge property from

becoming property from the estate when Debtor filed the bankruptcy case,

therefore the transfer by Debtor to Defendants is avoidable under § 549(a).

Dkt. No. 12 at 3-6.   In the alternative, even if the Court concludes that a

trust was created, Plaintiff contends he may avoid any interest claimed by

Defendants in the Sunridge property pursuant to either §§ 544(a)(3) or

544(b)(1). *Id.* at 6-10.

Defendants' Opening Brief argues that the Sunridge property never

became property of Debtor's bankruptcy estate because the divorce decree

---

[5] In their brief, Defendants focus on their argument that the decree created
a constructive trust.  However, at one point, they mention, at least in passing,
that a resulting trust also arose from the decree.  Dkt. No. 13 at 3.  Although
Defendants provide no legal basis to sustain a resulting trust, the Court elects to
address the applicability of the doctrine in this case.

MEMORANDUM OF DECISION – 6

either transferred Debtor's interest in it immediately to Defendants, or the

decree created a trust in favor of Defendants in 2003, and when

Defendants reaching the age of majority, title to the Sunridge property was

effectively transferred to them, prior to the filing of the bankruptcy case.

Dkt. No. 13 at 3.  Defendants cite *Hopkins v. Arave (In re Arave)*, 08.1 IBCR

22 (Bankr. D. Idaho 2008) to support their argument that the 2003 divorce

decree caused title to effectively and immediately transfer to them at the

time it was entered.  *Id.*

Plaintiff, in his Reply Brief, argues that *In re Arave* is distinguishable

given the facts of this case.  Dkt. No. 15 at 7.  Plaintiff further points out

that a trust was not created by the divorce decree, and even if it was, he is

entitled to avoid that obligation pursuant to §§ 544(a)(3) and 544(b)(1).  *Id.*

at 5-6.

### *Applicable Law and Analysis*

Section 549 grants a trustee the power to avoid post-bankruptcy

transfers of property of the estate in some cases.  "The trustee's prima facie

case requires proof of (1) a transfer (2) of estate property; (3) that occurred

MEMORANDUM OF DECISION – 7

after the commencement of the case; and (4) that was not authorized by

statute or the court." *Fursman et al. v. Ulrich (In re First Protection, Inc.)*, 440

B.R. 821, 827-28 (B.A.P. 9th Cir. 2010) (citing § 549(a)).[6]  If the trustee

establishes these elements, "the trustee may recover, for the benefit of the

estate, the property transferred, or the value of such property from the

initial transferee or any subsequent transferee."  *Id.* at 828 (citing

§§  550(a)(1) and (2)).[7]  Rule 6001 requires that "[a]ny entity asserting the

---

[6] Section 549 provides:

(a) Except as provided in subsection (b) or (c) of this section,
the trustee may avoid a transfer of property of the estate–
(1) that occurs after the commencement of the case; and
(2) (A) that is authorized only under section 303(f) or 542(c) of
this title; or
(B) that is not authorized under this title or by the court.

[7] Section 550 provides:

(a) Except as otherwise provided in this section, to the extent
that a transfer is avoided under section . . . 549 . . . of this title,
the trustee may recover, for the benefit of the estate, the
property transferred, or, if the court so orders, the value of
such property, from—
(1) the initial transferee of such transfer . . . .; or
(2) any immediate or mediate transferee of such initial
transferee.

MEMORANDUM OF DECISION – 8

validity of a transfer under § 549 of the Code shall have the burden of proof." *Id.* Therefore, in the face of Plaintiff's argument that the transfer is avoidable under § 549(a), Defendants bear the burden of proof in establishing the validity of the postpetition transfer.

Applying these principles to the stipulated facts, it is clear, and the parties agree, that there was a transfer. On July 22, 2010, Debtor and Shaunda Young executed a quitclaim deed purporting to transfer their interest in the Sunridge property to Defendants. It is also clear that this transfer occurred after the filing of the bankruptcy case on June 14, 2010. Finally, Defendants have identified no provision of the Code that authorized Debtor to transfer the Sunridge property to them, nor did this Court approve the transfer.[8] Therefore, elements (1), (3), and (4) for avoidance discussed *In re First Protection, Inc.* are satisfied. The dispute here focuses upon whether the Sunridge property was property of the estate when the transfer from Debtor to Defendants occurred.

---

[8] "The court" referred to in § 549(a)(2)(B) is not just any court; this is a reference to the bankruptcy court. *See* 5 COLLIER ON BANKRUPTCY ¶ 549.03[1].

MEMORANDUM OF DECISION – 9

**A.  Property of the Estate.**

Defendants cite to the Court's decision in *In re Arave* for the

conclusion that the terms of the divorce decree effectively prevented the

Sunridge property from becoming property of the bankruptcy estate under

§ 541.  The Court disagrees.

### 1.  The Effect of Divorce Decree re Property of the Estate.

*In re Arave* involved an action by a chapter 7 trustee seeking

avoidance of a prepetition transfer of property by a debtor to the

defendant as a preference or fraudulent conveyance under §§ 547 or 548.

In that case, the debtor and his wife were divorced in June 2004.  Their

divorce decree incorporated the parties' stipulation with respect to

property division, and divided, among other things, a cabin that they

owned jointly.  The divorce decree stated that the cabin would be "hereby

apportioned and transferred" to the debtor.  The divorce decree was not

recorded in the real property records.  Then, in August 2004, the debtor

executed a warranty deed purporting to convey the cabin to the

defendants, the debtor's parents.  In January of 2006, a third party offered

MEMORANDUM OF DECISION – 10

to purchase the cabin from the defendants.  The defendants then asked the

debtor's ex-wife to quitclaim her interest in the cabin to the debtor in order

to avoid confusion as to who owned the cabin because the divorce decree

had not been recorded.  The debtor's ex-wife complied with the request in

February 2006; the debtor then executed a quitclaim deed in favor of the

defendants.  In May, 2006, the defendants deeded the property to a third

party.  The debtor then filed a chapter 7 petition on October 5, 2006.

The trustee sued the debtor's parents to avoid the debtor's transfer

to them that occurred in February 2006.  Rejecting the trustee's claims, the

Court held that the divorce decree had "effectively transferred" the real

property to the debtor in June 2004, which was more than two years before

the bankruptcy petition was filed, and thus, trustee's claims were time-

barred.  *See* § 547(b)(4) (limiting a  trustee's action under this section to

transactions occurring within ninety days to one year prior to the filing of

the petition); § 548 (a)(1) (limiting the trustee's right to avoid transfers to

those occurring within two years before the petition filing).

Defendants here argue that, as the Court concluded in *In re Arave*,

MEMORANDUM OF DECISION – 11

the Sunridge property was "effectively transferred" to them by Debtor

upon entry of the state court divorce decree.  That argument is incorrect.

The filing of a bankruptcy petition creates a bankruptcy estate that

includes all of the debtor's legal and equitable interests in property as of

the commencement of the case.  *Hopkins v. Idaho State University Credit*

*Union et al. (In re Herter)*, 456 B.R. 455, 464 (Bankr. D. Idaho 2011) (citing

§§ 541(a)(1), (a)(2)).[9]  While § 541(a) is extremely broad in scope, on

occasion, what constitutes property of the estate can be complicated,

including when a bankruptcy case is commenced in the wake of the

dissolution of the debtor's marriage.

Upon dissolution of a marriage, the final judgment of the state court

is *res judicata* as to the division of property; its terms are binding on the

---

[9] Section 541(a) provides, in pertinent part:

(a) The commencement of a case under section 301, 302, or 303
of this title creates an estate. Such estate is comprised of all the
following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this
section, all legal or equitable interests of the debtor in property
as of the commencement of the case.

MEMORANDUM OF DECISION – 12

parties' bankruptcy trustee.  *Keller v. Keller (In re Keller)*, 185 B.R. 796, 800

(B.A.P. 9th Cir. 1995) (noting that "'Property interests are created and

defined by state law'" quoting *Butner v. United States*, 440 U.S. 55 (1979)).

Thus, the bankruptcy court must look to state law to determine the

property rights of the bankruptcy estate when a bankruptcy case is filed

after entry of a divorce decree affecting debtor's assets.  *Id.*

The parties agree that the law of Utah, the state where the divorce

occurred, applies to this case.  However, the parties' briefs discuss only

that state's law respecting the creation of trusts.  The Court has determined

that an analysis of Utah divorce law is also required to determine whether

the 2003 divorce decree effectively vested ownership of the Sunridge

property in Defendants, as they argue, and thus prevented it from

becoming property of the bankruptcy estate.

"In fashioning a divorce decree [Utah] trial courts are expected to

make 'equitable orders relating to . . . property, debtors or obligations.'"

*Boyer v. Boyer*, 259 P.3d 1063, 1066 (Utah Ct. App. 2011) (quoting Utah

MEMORANDUM OF DECISION – 13

Code Ann. § 30-3-5 (2010)).  However, "[w]hen a decree is based upon a

property settlement agreement, forged by the parties and sanctioned by

the court, equity must take such agreement into consideration."  *Land v.*

*Land*, 605 P.2d 1248, 1250-51 (Utah 1980).  Any "outright abrogation of the

provisions of such an agreement is only to be resorted to with great

reluctance and for compelling reasons."  *Id.* at 1251.  In interpreting a

divorce decree Utah courts utilize the rules of contract interpretation.

*Moon v. Moon*, 973 P.2d 431, 435 (Utah Ct. App. 1999).  In reviewing a

divorce decree pursuant to contract interpretation rules, "the intent of the

contract is to be gleaned from the language of the instrument itself; only

where the language is uncertain or ambiguous need extrinsic evidence be

resorted to."  *Land*, 605 P.2d at 1251.

In this case, the Utah court unambiguously indicates its intent, in the

"Conclusions of Law" section of the decree, to incorporate the parties'

expressed intent to deed the Sunridge property to Defendants.  *See* Dkt.

No. 9, Ex. A at 8 ("[t]he parties agree that they *will deed* all right, title and

MEMORANDUM OF DECISION – 14

interest in the Sunridge property to their children.") (emphasis added).  In

adopting this conclusion, it is clear that the Utah court was not ordering

that the Sunridge property be transferred to Defendants at that time.

This interpretation is supported by the other reference to the

Sunridge property in the divorce decree as well.  In the "Finding of Facts"

section, the state court states that the parties "shall deed all right, title and

interest in the Sunridge property to their children."  Dkt. No. 9, Ex. A at 4.

In this respect, the Utah court was again honoring the parties' intent.

However, given the words used in both references to the Sunridge

property, it is apparent that neither the parties nor the court assumed that

entry of the divorce decree, standing alone, would effectively transfer

ownership in the Sunridge property to Defendants.  Instead, the decree

required a further act by the parties: a *transfer* of the Sunridge property by

Debtor and Shaunda Young to Defendants.

In this way, the facts of this case are markedly different from those

in *In re Arave*.  There, the terms of the divorce decree included express

MEMORANDUM OF DECISION – 15

language of conveyance, not present in the instant case.  Instead, here,

because their children were then minors at the time, Debtor and Shaunda

Young apparently agreed, and were then directed by the court, to take the

additional step of conveying the Sunridge property, presumably by deed,

to Defendants.  It is undisputed that Debtor and Shaunda Young did not

do so until approximately seven years later.  In other words, though the

divorce decree's terms are binding on Plaintiff as trustee, the divorce

decree did not "effectively transfer" the Sunridge property to Defendants.

Indeed, the decree merely expressed the intention of Debtor and Shaunda

Young, and of the divorce court, that the Sunridge property be transferred

to Defendants at some undetermined time in the future, presumably when

they became adults.

### 2.  The Divorce Decree Did Not Create a Trust.

Defendants alternatively argue that the divorce decree created a

trust in their favor concerning ownership of the Sunridge property.

Whether Defendants are correct is, the parties acknowledge, also

MEMORANDUM OF DECISION – 16

controlled by Utah law.

In their brief, Defendants contend that "[t]he effect of the Divorce Decree was to create a constructive or resulting trust for the benefit of the minor children." Dkt. No. 13 at 3. That trust, according to Defendants, prevented the Sunridge property from becoming property of the estate. *Id.* Plaintiff counters this argument in his reply by insisting that the facts did not provide any basis for imposition of a constructive trust, something Defendants must prove. Dkt. No. 15 at 2.

To begin, it is clear that Defendants do not argue, nor could they, that the divorce decree created any express trust in their favor as to the Sunridge property. An express trust "is created when a settlor, with intent to create a trust, transfers property to a trustee in trust, or declares that he or she (the settlor) holds specific property in trust, for a named beneficiary." *Sundquist v. Sundquist*, 639 P.2d 181, 183 (Utah 1981). Further, "a trust in real property must be created by a writing signed by the settlor or his agent." *Id.* at 184. Here, there is no evidence of that

MEMORANDUM OF DECISION – 17

Debtor or Shaunda Young expressly intended to create a trust in the

Sunridge property.  The divorce decree also makes no mention of a trust.

Therefore, the analysis will be whether the divorce decree created a

constructive or resulting trust.

*a. Constructive Trust*

A constructive trust is not actually a trust; it is an equitable remedy

that is imposed by a court to counter or prevent unjust enrichment, or

when it is necessary to give effect to an oral express trust.  *See, e.g.,*

*Rawlings v. Rawlings*, 240 P.3d 754 (Utah 2010).  Utah "courts recognize a

constructive trust as a matter of equity where there has been (1) a

wrongful act, (2) unjust enrichment, and (3) specific property that can be

traced to the wrongful behavior.  *Wilcox v. Anchor Wate, Co.*, 164 P.3d 353,

362 (Utah 2007).

Defendants' constructive trust argument necessarily fails.  They do

not allege they are the victims of any "wrongful act" or "wrongful

behavior" that would traditionally be required to justify the state court's

MEMORANDUM OF DECISION – 18

adoption of the equitable remedy of a constructive trust. Nor can

Defendants argue that, under these facts, Debtor was unjustly enriched.

That Congress empowers a bankruptcy trustee to avoid a post-bankruptcy,

unauthorized transfer of property of a bankruptcy estate for the benefit of

Debtor's many creditors hardly qualifies as "unfair" to Defendants under

these circumstances. Indeed, in enacting § 549(a), Congress has effectively

defined the equities, and in the face of a debtor attempting to thwart the

efforts of a trustee to the detriment of creditors, all those equities lie with

the trustee. Finally, as noted above, there is no evidence in the record of

the existence of any oral express trust in this case.

Defendants' constructive trust argument lacks merit.

### b. Resulting Trust

A resulting trust is created when one person pays the purchase price

for property, with an intent to retain a beneficial interest in the property,

but the property is titled in another person's name. *Parks v. Zions First

Nat'l Bank*, 673 P.2d 590, 598 (Utah 1983).

MEMORANDUM OF DECISION – 19

In this case, it is clear that no resulting trust arose. Debtor and

Shaunda Young held title to the Sunridge property at the time of the

divorce decree; they also held title after entry of the divorce decree. No

facts support Defendants' contention of a resulting trust.

### B. The Sunridge Property Was Property of the Estate and the Transfer May be Avoided.

The Sunridge property was property of Debtor's bankruptcy estate.

Defendants have not, as required by Rule 6001, proven that the transfer by

Debtor of the Sunridge property to them after bankruptcy was valid under

§ 549(a). The divorce decree was neither an immediate conveyance of the

real property, nor did it create a constructive or resulting trust. Therefore,

the Sunridge property was property of the estate pursuant to § 541(a).

Plaintiff has therefore established an adequate case under § 549(a) to avoid

the transfer, and under §550(a), to recover Debtor's interest in the

transferred property.[10]

---

[10] Because of this conclusion, the Court need not address Plaintiff's alternative avoidance claims.

MEMORANDUM OF DECISION – 20

*Conclusion*

Counsel for Plaintiff may submit a form of judgment for entry by the

Court.  Counsel for Defendants shall approve the form of judgment.


Dated:  September 25, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 21